1

2

3

4

5

6

7

8                           IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   IVAN KILGORE,

11             Plaintiff,                     No. CIV S-11-1745 DAD P

12        vs.

13   DIRECTOR et al.,

14             Defendants.                    ORDER

15   _____/

16             Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   302 and 28 U.S.C. § 636(b)(1).

20             Plaintiff has submitted an in forma pauperis application that makes the showing

21   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

22   pauperis.

23             Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

24   28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is

25   currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  See 28

26   U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of

1

1   the preceding month's income credited to plaintiff's prison trust account.  These payments shall

2   be collected and forwarded by the appropriate agency to the Clerk of the Court each time the

3   amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.

4   § 1915(b)(2).

5                          **SCREENING REQUIREMENT**

6          The court is required to screen complaints brought by prisoners seeking relief

7   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

8   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

11   U.S.C. § 1915A(b)(1) & (2).

12          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18   Cir. 1989); Franklin, 745 F.2d at 1227.

19          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

20   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

23   (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

24   contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

25   factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

26   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of <u>respondeat superior</u> and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S COMPLAINT

Plaintiff has identified more than fifty doctors, nurses, medical residents, and prison officials as the defendants in this action.  In his 442-page complaint, plaintiff alleges that he has a history with seasonal allergies and has developed a nasal tumor that has required surgery and follow-up appointments at U.C. Davis Otolaryngology Clinic.  Plaintiff alleges that he has

3

1  been dissatisfied with his medical care he has received from virtually every medical professional

2  he has come in contact with to date.  He also alleges that prison officials have denied and

3  hindered his ability to pursue administrative appeals concerning his complaints about his medical

4  care.  In terms of relief, plaintiff request declaratory relief and monetary damages.  (Compl at 1-

5  43 & Exs.)

6                                          **DISCUSSION**

7              Plaintiff's 442-page complaint does not contain a short and plain statement as

8  required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy,

9  a complaint must give fair notice to the defendants and must allege facts that support the

10  elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646,

11  649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts

12  which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply

13  with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court

14  will, however, grant leave to file an amended complaint.

15              If plaintiff chooses to file an amended complaint, he must allege facts

16  demonstrating how the conditions complained of resulted in a deprivation of his federal

17  constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The

18  amended complaint must allege in specific terms how each named defendant was involved in the

19  deprivation of plaintiff's rights.  As noted above, there can be no liability under 42 U.S.C. § 1983

20  unless there is some affirmative link or connection between a defendant's actions and the

21  claimed deprivation.  Rizzo, 423 U.S. 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

22  Johnson, 588 F.2d at 743.  Vague and conclusory allegations of official participation in civil

23  rights violations are not sufficient.  Ivey, 673 F.2d at 268.

24              It is clear from the allegations of plaintiff's complaint that he is dissatisfied with

25  the medical care he has received in connection with his nasal tumor.  However, to proceed on an

26  Eighth Amendment claim for inadequate medical care, plaintiff may not simply name as a

                                                4

defendant every person who has been involved in his medical care in any way.  In <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs."  In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. <u>Hutchinson v. United States</u>, 838 F.2d 390, 393-94 (9th Cir. 1988).

In any amended complaint plaintiff elects to file, he will need to allege facts demonstrating how each defendant's actions rose to the level of "deliberate indifference." Plaintiff is cautioned, however, that mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim.  See <u>Toguchi v. Soon Hwang Chung</u>, 391 F.3d 1051, 1058 (9th Cir. 2004) ; <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996); <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989); <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981).  In addition, before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  <u>Broughton v. Cutter Lab.</u>, 622 F.2d 458, 460 (9th Cir. 1980) (citing <u>Estelle</u>, 429 U.S. at 105-06).

Delays in providing medical care may manifest deliberate indifference.  <u>Estelle</u>, 429 U.S. at 104-05.  However, to establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must allege facts showing that the delay was harmful.  See <u>Berry v. Bunnell</u>, 39 F.3d 1056, 1057 (9th Cir. 1994); <u>McGuckin</u>, 974 F.2d at 1059; <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335 (9th Cir. 1990); <u>Hunt v. Dental Dep't</u>, 865 F.2d 198, 200 (9th Cir. 1989); <u>Shapley v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent

1  to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  See also McGuckin, 974 F.2d
2  at 1060.

3          Finally, insofar as plaintiff wishes to proceed against any of the defendants for the
4  way in which they processed his inmate appeals, he is advised that prison officials are not
5  required under federal law to process inmate grievances in a specific way or to respond to them
6  in a favorable manner.  It is well established that "inmates lack a separate constitutional
7  entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th
8  Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  See also, e.g., Wright v.
9  Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010)
10 (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a
11 cognizable claim under the First Amendment); Walker v. Vazquez, No. CIV F-09-0931 YNP PC,
12 2009 WL 5088788 at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegations that prison officials
13 failed to timely process his inmate appeals failed to a state cognizable under the Fourteenth
14 Amendment); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999 at *2
15 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate
16 appeals without any basis failed to indicate a deprivation of federal rights).

17         Plaintiff is informed that the court cannot refer to a prior pleading in order to
18 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
19 complaint be complete in itself without reference to any prior pleading.  This is because, as a
20 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
21 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
22 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
23 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
24 /////
25 /////
26 /////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: March 14, 2012.

Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
kilg1745.14a

7