1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   IVAN KILGORE,                          No.  2:11-CV-01745-TLN-DAD P

12              Plaintiff,

13        v.                                AMENDED FINDINGS AND
                                            RECOMMENDATIONS
14   DIRECTOR, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under

18   42 U.S.C. § 1983.  Defendants Auer, Freitas, King, Molina, Mwai, Okoroike, and Riggs have

19   filed a motion to dismiss plaintiff's amended complaint pursuant to Federal Rule of Procedure

20   12(b)(6).  (ECF No. 25.)  Plaintiff filed an opposition to the motion, (ECF No. 27), and

21   defendants filed a reply to plaintiff's opposition, (ECF No. 28).

22        On August 12, 2014, the undersigned issued findings and recommendations

23   recommending that the court deny defendants' motion to dismiss.  (ECF No. 29.)  Defendants

24   timely filed objections to that recommendation on August 26, 2014.  (ECF No. 30.)[1]  Having

25   reviewed defendants' objections, the undersigned will vacate the August 12, 2014 findings and

26   issue these amended findings and recommendations.  Therein, the undersigned recommends once

27

28   _____
     [1]  Plaintiff did not file a response to defendants' objections.

                                           1

1   again that the motion to dismiss brought on behalf of defendants Auer, King, Molina, Mwai,

2   Okoroike, and Riggs be denied.  However, in these amended findings and recommendations the

3   undersigned now recommends that the motion to dismiss be granted as to defendant Freitas.

### BACKGROUND

5       On September 18, 2013, the court screened plaintiff's amended complaint pursuant to 28

6   U.S.C. § 1915A(a) and found that it stated a cognizable claim against defendants Auer, Freitas,

7   King, Molina, Mwai, Okoroike, and Riggs due to their alleged failure to adequately treat

8   plaintiff's pain.  (ECF No. 17.)

### PLAINTIFF'S AMENDED COMPLAINT

10      In his complaint, plaintiff alleges as follows.  Plaintiff underwent an extensive lateral

11  rhinotomy surgical procedure at the University of California, Davis ("UCD") Medical Center on

12  March 15, 2010.  (ECF No. 12 at 21.)  The following day, he returned to the Outpatient Housing

13  Unit ("OHU") at California State Prison, Sacramento.  (Id. at 23.)  Defendants Auer, Freitas,

14  King, Molina, Mwai, Okoroike, and Riggs are employed at that prison.  (Id. at 5, 7-10.)

15      On March 17, 2010, plaintiff informed defendant Riggs, a nurse practitioner, that he

16  needed sterile cleaning supplies (cotton swabs and antibiotic ointment), a pain assessment

17  evaluation, adequate pain medication, and to see a doctor.  (Id. at 25.)  Riggs ignored plaintiff.

18  (Id.)  As a result, plaintiff experienced "torturous pain and suffering" and had to clean his surgical

19  incision with toilet paper and his finger.  (Id.)  The surgical incision eventually became infected.

20  (Id.)

21      Later that day, plaintiff notified another registered nurse that his pain medication had

22  worn off and that he was experiencing extreme pain.  (Id. at 25-26.)  After nearly four hours of

23  "excruciating pain and suffering," plaintiff learned that his pain medication had been updated to

24  two Tylenol 3 tablets every six hours.  (Id. at 26.)  Prison staff provided that dosage but the

25  medication did not have a lasting effect and plaintiff's complications worsened over the next

26  twenty-four hours.  (Id.)

27      On March 19, 2010, plaintiff informed defendant Okoroike, a registered nurse, that the

28  pain medication was ineffective and that he was in severe pain.  (Id.)  Despite plaintiff's request,

1   Okoroike refused to contact a doctor.  (Id.)  On March 20, 2010, plaintiff submitted an

2   administrative appeal to Okoroike, who left work that day without contacting a doctor for

3   plaintiff.  (Id. at 26-27.)

4         At approximately 6:00 p.m. on March 20, 2010 defendant correctional officer Auer and

5   defendant nurse Mwai visited plaintiff's cell and attempted to administer the ineffective pain

6   medication.  (Id. at 9, 27.)  When plaintiff complained that the medication was ineffective, Auer

7   and Mwai became argumentative and closed the tray slot on plaintiff's cell, stating that plaintiff

8   had refused the medication.  (Id. at 28.)

9         Five hours later, defendant nurse Molina purposefully sought to frustrate plaintiff by

10  falsely claiming that nurse Mwai documented that plaintiff had taken the evening dose of pain

11  medication and that plaintiff's medication had expired.  (Id. at 8, 28.)  Defendant Molina

12  responded to plaintiff's complaints of pain by sarcastically commenting that he had surgery

13  before "and knew all the bullshit that prisoners ran on staff to get their dope."  (Id. at 28.)

14  Defendant Molina refused to call the doctor until the following morning because he did not want

15  to "get in bad favor by waking [the doctor] up in the middle of the night."  (Id. at 29.)  Defendant

16  Molina then "haggled" with plaintiff to take the ineffective medication.  (Id.)  Although plaintiff

17  took the medication which provided some relief, it did not completely alleviate his pain.  (Id. at

18  30.)

19        On March 21, 2010, plaintiff again complained of pain to defendant nurse King.  (Id. at 8,

20  30.)  Defendant King measured plaintiff's vitals, which indicated that plaintiff's body was in

21  distress.  (Id. at 30.)  King was subsequently approved to issue plaintiff a tab of quick-release

22  morphine every twelve hours, in addition to the Tylenol 3 that plaintiff was receiving two tabs at

23  a time, three times per day.  (Id.)  That combination of medication provided plaintiff pain relief

24  for a few hours.  (Id. at 31.)

25        On March 22, 2010, plaintiff again complained of pain when defendant Okoroike brought

26  him Tylenol 3.  (Id.)  Later that night, plaintiff had a follow-up appointment to remove stitches at

27  the UCD ENT Clinic.  (Id.)  The ENT physician prescribed plaintiff Vicodin and cleaning

28  supplies.  (Id.)  When plaintiff returned to OHU, defendant Riggs discarded plaintiff's Vicodin

1   prescription, claiming the prison pharmacy did not offer Vicodin, and provided plaintiff Tylenol 3

2   and quick release morphine.  (Id. at 32.)  Defendant Freitas, a prison pharmacist, failed to provide

3   alternative pain medications at the prison pharmacy, and plaintiff suffered unwarranted pain as a

4   result.  (Id. at 10, 32.)

5          On March 23, plaintiff received the requested and prescribed sterile cleaning supplies.

6   (Id. at 34.)  Later that evening, OHU nursing staff measured plaintiff's vital signs and again

7   offered him the ineffective pain medications.  (Id. at 35.)  A correctional officer then demanded

8   that the nurse get a doctor, as plaintiff had by that time been in OHU complaining of pain for

9   eight days.  (Id.)  The nurse gave plaintiff two motrin and contacted a doctor immediately.  (Id.)

10  "Thereafter, [the nurse] returned . . . to administer the appropriate pain medications (morphine

11  'time release') which had effectively controlled [p]laintiff's pain complications and had been

12  noted in his medical file since the 2007 previous lateral rhonotomy procedure."  (Id. at 35-36.)

13                          **DEFENDANTS' MOTION TO DISMISS**

14         Defense counsel argues that the court should dismiss plaintiff's amended complaint

15  because it fails to allege sufficient facts to state an Eighth Amendment deliberate indifference

16  claim and because defendants are entitled to qualified immunity.  (ECF No. 25-1 at 2.)  In support

17  of the first argument, defense counsel emphasizes the following:  defendants provided plaintiff

18  the prescribed Tylenol 3; in response to plaintiff's reports of pain and the ineffectiveness of

19  Tylenol 3, defendants secured and provided quick-release morphine; in response to plaintiff's

20  request to see a doctor, prison staff took plaintiff to the UCD ENT Clinic on March 22; most of

21  the defendant nurses attended to plaintiff for just one or two days; neither the defendant nurses

22  nor correctional officer Auer had the authority to provide plaintiff with pain medication not

23  prescribed by a physician; and in his amended complaint plaintiff simply expresses his own

24  disagreement with the prescribed course of medical treatment.  (Id. at 6-8.)  With respect to

25  qualified immunity, defense counsel contends that not only has plaintiff alleged "no facts" that

26  defendants violated his constitutional rights, but also that "[a] reasonable person in their position

27  would have believed that not providing different pain medication over the course of one week for

28  [plaintiff's] post-operative pain was lawful, because it was not medically necessary."  (Id. at 9.)

4

1

**APPLICABLE LEGAL STANDARDS**

2

**I.  Motion to Dismiss Pursuant to Rule 12(b)(6)**

3

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint.

4   North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  Dismissal of the

5   complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the

6   absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police

7   Dep't, 901 F.2d 696, 699 (9th Cir. 1990); see also Robertson v. Dean Witter Reynolds, Inc., 749

8   F.2d 530, 534 (9th Cir. 1984).  In order to survive dismissal for failure to state a claim, a

9   complaint must contain more than "a formulaic recitation of the elements of a cause of action"; it

10  must contain factual allegations sufficient "to raise a right to relief above the speculative level."

11  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

12

In determining whether a pleading states a claim, the court accepts as true all material

13  allegations in the complaint and construes those allegations, as well as the reasonable inferences

14  that can be drawn from them, in the light most favorable to the plaintiff.  Hishon v. King &

15  Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740

16  (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In the context of a motion to

17  dismiss, the court also resolves doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S.

18  411, 421 (1969).  However, the court need not accept as true conclusory allegations, unreasonable

19  inferences, or unwarranted deductions of fact.  W. Mining Council v. Watt, 643 F.2d 618, 624

20  (9th Cir. 1981).

21

In general, pro se pleadings are held to a less stringent standard than those drafted by

22  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court has an obligation to construe

23  such pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

24  However, the court's liberal interpretation of a pro se complaint may not supply essential

25  elements of the claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d

26  266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

27  /////

28  /////

5

## II.  The Eighth Amendment and Inadequate Medical Care

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S. Const. amend. VIII.  The "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited by the United States Constitution.  Whitley v. Albers, 475 U.S. 312, 319 (1986).  See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).  Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation."  Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320).  To prevail on an Eighth Amendment claim the plaintiff must allege and ultimately prove that objectively he suffered a "sufficiently serious" deprivation.  Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).  The plaintiff must also allege and show that subjectively each defendant had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur.  Farmer, 511 U.S. at 834.

It is well established that "deliberate indifference to serious medical needs of prisoners constitutes 'unnecessary and wanton infliction of pain.'"  Estelle, 429 U.S. at 104; McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care.  Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).  Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

/////

1

### III.  Qualified Immunity

2          Government officials enjoy qualified immunity from civil damages unless their conduct

3   violates clearly established statutory or constitutional rights.  Jeffers v. Gomez, 267 F.3d 895, 910

4   (9th Cir. 2001).  When a court is presented with a qualified immunity defense, the central

5   questions for the court are:  (1) whether the facts alleged, taken in the light most favorable to the

6   plaintiff, demonstrate that the defendant's conduct violated a statutory or constitutional right; and

7   (2) whether the right at issue was "clearly established."  Saucier v. Katz, 533 U.S. 194, 201

8   (2001).

9          The United States Supreme Court has held that "while the sequence set forth there is often

10  appropriate, it should no longer be regarded as mandatory."  Pearson v. Callahan, 555 U.S. 223,

11  236 (2009).  In this regard, if a court decides that plaintiff's allegations do not make out a

12  statutory or constitutional violation, "there is no necessity for further inquiries concerning

13  qualified immunity."  Saucier, 533 U.S. at 201.  Likewise, if a court determines that the right at

14  issue was not clearly established at the time of the defendant's alleged misconduct, the court may

15  end further inquiries concerning qualified immunity at that point without determining whether the

16  allegations in fact make out a statutory or constitutional violation.  Pearson, 555 U.S. 236-242.

17         "A government official's conduct violate[s] clearly established law when, at the time of

18  the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable

19  official would have understood that what he is doing violates that right.'"  Ashcroft v. al-Kidd,

20  ___U.S. ___, ___, 131 S. Ct. 2074, 2083 (2011) (quoting Anderson v. Creighton, 483 U.S. 635,

21  640 (1987)).  In this regard, "existing precedent must have placed the statutory or constitutional

22  question beyond debate."  Id.  See also Clement v. Gomez, 298 F.3d 898, 906 (9th Cir. 2002)

23  ("The proper inquiry focuses on . . . whether the state of the law [at the relevant time] gave 'fair

24  warning' to the officials that their conduct was unconstitutional.") (quoting Saucier, 533 U.S. at

25  202).  This inquiry must be undertaken in light of the specific context of the particular case.

26  Saucier, 533 U.S. at 201.  Because qualified immunity is an affirmative defense, the burden of

27  proof initially lies with the official asserting the defense.  Harlow, 457 U.S. at 812.

28  /////

7

1

**ANALYSIS**

2        The undersigned finds that, accepting plaintiff's allegations as true and construing those

3   allegations in the light most favorable to plaintiff, plaintiff has sufficiently stated a cognizable

4   Eighth Amendment claim against defendants Auer, King, Molina, Mwai, Okoroike, and Riggs.

5   There are sufficient factual allegations in the amended complaint to put defendants on notice as to

6   the nature of plaintiff's claim that he was provided constitutionally inadequate medical care.

7   Specifically, plaintiff has alleged specific facts concerning the dates the allegedly inadequate

8   medical was provided, the involvement of each of these defendants in the alleged constitutional

9   violation, and the pain plaintiff experienced as a result.  See Masden v. Risenhoover, No. C 09–

10  5457 SBA (pr), 2013 WL 1345189 at * 17 (N.D. Cal. Mar. 29, 2013) (treatment provided by a

11  nurse could be construed as deliberately indifferent because the nurse "continued to follow an

12  ineffective course of pain treatment for Plaintiff despite his repeated complaints that her actions

13  were exacerbating his condition and causing severe side effects."); Cash v. Swingle, No. 2:10–

14  cv–1082 EFB P, 2012 WL 2521816 at *6 (E.D. Cal. June 28, 2012) (whether the course of

15  medical treatment defendants pursued was medically acceptable, despite plaintiff's claim that

16  methadone was necessary to control his pain, defendants knew as much, but continued to

17  prescribe ineffective medication presented a cognizable claim).

18       However, the undersigned concludes that plaintiff has not stated a cognizable Eighth

19  Amendment claim against defendant Freitas.  In his amended complaint plaintiff merely alleges

20  that defendant Freitas "failed to make available alternative pain medications through the prison

21  pharmacy."  ECF No. 12 at 32.  Plaintiff does not allege any indifference to his medical needs, let

22  alone substantial indifference, on the part of defendant pharmacist Freitas.  Even construing these

23  scant allegations with respect to  Freitas in the light most favorable to plaintiff, he has not stated a

24  cognizable claim against defendant Freitas, who should therefore be dismissed Frietas from this

25  action.

26       The undersigned also finds that defendants Auer, King, Molina, Mwai, Okoroike, and

27  Riggs are not entitled to dismissal of plaintiff's complaint based on their qualified immunity

28  defense.  Viewing the facts alleged in plaintiff's amended complaint in the light most favorable to

8

1   plaintiff, a reasonable jury could conclude that these defendants were deliberately indifferent to

2   his serious medical needs.  Moreover, at the time of the alleged constitutional violations in this

3   case, "the general law regarding the medical treatment of prisoners was clearly established," and

4   "it was also clearly established that [prison staff] could not intentionally deny or delay access to

5   medical care."  Clement, 298 F.3d at 906.  In this regard, defendants should have known that

6   failing to provide plaintiff effective pain medication would violate the Eighth Amendment.

7   Accordingly, defendants' motion to dismiss plaintiff's amended complaint based on the

8   affirmative defense of qualified immunity should be rejected as well.

9        In this regard, the undersigned notes that on a motion to dismiss, "'[t]he issue is not

10   whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to

11   support the claims.  Indeed, it may appear on the face of the pleadings that a recovery is very

12   remote and unlikely but that is not the test.'"  See Jackson v. Carey, 353 F.3d 750, 755 (9th Cir.

13   2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).  In this case, the court finds that,

14   liberally construed, plaintiff's complaint alleges sufficient facts to plausibly suggest that he is

15   entitled to relief under the Eighth Amendment.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

16   ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

17   draw the reasonable inference that the defendant is liable for the misconduct alleged."); Hebbe v.

18   Pliler, 627 F.3d 338, 342 (9th Cir. 2010) ("we continue to construe pro se filings liberally when

19   evaluating them under Iqbal"); al-Kidd v. Ashcroft, 580 F.3d 949, 977 (9th Cir. 2009) ("'Asking

20   for plausible grounds to infer' the existence of a claim for relief 'does not impose a probability

21   requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable

22   expectation that discovery will reveal evidence' to prove that claim.") (quoting Twombly, 550

23   U.S. at 556), rev'd on other grounds by Ashcroft v. al-Kidd, ___U.S. ___, 131 S. Ct. 2074 (2011).

24        If plaintiff proves the allegations of his amended complaint to be true, he has a reasonable

25   opportunity to prevail on the merits of this action.  See Estelle, 429 U.S. at 104-05 (1976)

26   (deliberate indifference may manifest "by prison doctors in their response to the prisoner's needs

27   or by prison guards in intentionally denying or delaying access to medical care or intentionally

28   interfering with the treatment once prescribed"); Lopez v. Smith, 203 F.3d 1122, 1132 (9th Cir.

1   2000) (en banc) ("A prisoner need not prove that he was completely denied medical care."); Ortiz

2   v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989) ("'access to medical staff is meaningless

3   unless that staff is competent and can render competent care'") (quoting Cabrales v. County of

4   Los Angeles, 864 F.2d 1454, 1461 (9th Cir. 1988), vacated on other grounds by County of Los

5   Angeles v. Cabrales, 490 U.S. 1087 (1989), reinstated 886 F.2d 235 (9th Cir. 1989)).

6          Accordingly, the motion to dismiss plaintiff's amended complaint brought on behalf of

7   defendants Auer, King, Molina, Mwai, Okoroike, and Riggs for failure to state a cognizable Eighth

8   Amendment deliberate indifference claim should be denied.

9                                **CONCLUSION**

10         Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss

11  (ECF No. 25) be denied as to defendants Auer, King, Molina, Mwai, Okoroike, and Riggs, but

12  granted as to defendant Freitas.[2]

13         These amended findings and recommendations are submitted to the United States District

14  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen

15  days after being served with these findings and recommendations, any party may file written

16  objections with the court and serve a copy on all parties.  Such a document should be captioned

17  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

18  objections shall be filed and served within seven days after service of the objections.  The parties

19  are advised that failure to file objections within the specified time may waive the right to appeal

20  the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21  Dated:  October 2, 2014

22

23  _____
    DALE A. DROZD
24  UNITED STATES MAGISTRATE JUDGE

    Dad1.EO
25  Kilgore.11cv1745MTDAmendedF&Rs

26

_____

27  [2]  If the assigned District Judge adopts this recommendation, plaintiff's action will proceed only
    as to his Eighth Amendment claim brought against defendants Auer, King, Molina, Mwai,
28  Okoroike, and Riggs.

                                        10