1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   IVAN KILGORE,                            No.  2:11-cv-1745 TLN KJN P (TEMP)

12                  Plaintiff,

13          v.                                ORDER AND

14   DIRECTOR, et al.,                        FINDINGS AND RECOMMENDATIONS

15                  Defendants.

16

17          Plaintiff is a state prisoner, proceeding pro se, with a civil rights action seeking relief

18   under 42 U.S.C. § 1983.  Plaintiff has filed a motion to amend, together with a proposed second

19   amended complaint.  Defendants filed an opposition to the motion, and plaintiff filed a reply.

20                          **PLAINTIFF'S MOTION TO AMEND**

21          Plaintiff is proceeding on a first amended complaint against defendants Auer, King,

22   Molina, Mawai, Okoroike, and Riggs for their alleged deliberate indifference to his medical needs

23   in violation of the Eighth Amendment.  Plaintiff seeks leave to amend his complaint to add eleven

24   new defendants, including two "Doe" defendants, and to assert state law negligence claims.

25   Plaintiff explains that a discussion with defense counsel prompted him to review his first

26   amended complaint in this action, and he realized that he made the mistake of not pleading his

27   state law causes of action.  (Pl.'s Mot. to Am. at 2, Pl.'s Proposed Sec. Am. Compl.)

28   ////

1    Defendants filed an opposition to plaintiff's motion to amend and argue that plaintiff

2   unduly delayed in bringing these negligence causes of actions and that defendants would suffer

3   undue prejudice if the court allows plaintiff to amend his complaint at this late date.  Defendants

4   also argue that any amendment that would add state law claims to this action would be futile

5   because plaintiff did not comply with the California Torts Claims Act statute of limitations.

6   (Defs.' Opp'n to Pl.'s Mot. to Am. at 3-6.)

7    In reply, plaintiff argues that defendants' arguments based on prejudice are exaggerated.

8   He also contends that he is entitled to equitable tolling of any statute of limitations.  (Pl.'s Reply

9   at 2-5.)

10    Rule 15(a) of the Federal Rules of Civil Procedure states that a court should grant leave to

11   amend "freely . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, the Ninth

12   Circuit Court of Appeals has made clear that a court should not grant leave to amend

13   automatically.  Zivkovic v. S. California Edison Co., 302 F.3d 1080 (9th Cir. 2002).  A court

14   "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory

15   motive on part of the movant, repeated failure to cure deficiencies by amendments previously

16   allowed, undue prejudice to the opposing party ..., [and] futility of amendment.'"  Carvalho v.

17   Equifax Info. Servs.,629 F.3d 876, 892-93 (9th Cir. 2010) (alterations in original) (quoting

18   Foman v. Davis, 371 U.S. 178, 182 (1962)).  See also Gonzalez v. Planned Parenthood of Los

19   Angeles, 759 F.3d 1112, 1116 (9th Cir. 2014) ("And the district court's discretion in denying

20   amendment is particularly broad when it has previously given leave to amend.") (internal

21   quotations omitted).

22    In this case, the court agrees with defense counsel that plaintiff unduly delayed in bringing

23   his proposed amendments.  Specifically, plaintiff filed the operative amended complaint in this

24   action on September 13, 2013.  Plaintiff delayed filing the pending motion to amend until May

25   15, 2015.  In his motion, plaintiff contends that he intended to plead his state law claims, but he

26   offers no explanation as to why he delayed nearly two years to file his proposed amendments,

27   particularly when he bases his negligence claims on many of the same facts he alleges in support

28   of his Eighth Amendment deliberate indifference claims.  Allen v. City of Beverly Hills, 911 F.2d

367, 374 (9th Cir. 1990) ("a district court does not 'abuse its discretion in denying a motion to amend a complaint . . . when the movant presented no new facts but only 'new theories' and 'provided no satisfactory explanation for his failure to fully develop his contentions originally'").

The court also agrees with defense counsel that defendants would suffer undue prejudice if the court allowed plaintiff to amend his complaint at this late date.  According to the court's discovery and scheduling order, the parties needed to complete discovery on or before April 3, 2015.  Plaintiff filed his motion to amend more than a month after discovery had closed in this case.  As noted above, in plaintiff's proposed second amended complaint, plaintiff seeks to add eleven new defendants, including two "Doe" defendants, and to assert state law negligence claims.  Where, as here, plaintiff has failed to explain his lack of diligence in bringing the proposed amendments, and the proposed amendments would require re-opening discovery and a considerable delay of these proceedings, the court finds that defendants would suffer undue prejudice.  Zikovic, 302 F.3d at 1087 (district court did not abuse its discretion in denying motion to amend where additional causes of action would have required the parties to engage in further discovery and discovery was set to close five days after the motion to amend was filed); see also Lamon v. Ellis, 584 F.App'x 514, 516 (9th Cir. 2014) (district court did not abuse its discretion in denying prisoner-plaintiff's motion to amend, which would have caused undue delay and unnecessary prejudice); Fausett v. LeBlanc, 553 F.App'x 665, 667 (9th Cir. 2014) (district court did not abuse its discretion in denying prisoner-plaintiff's motion to amend, which he filed after discovery had closed).

Accordingly, for all of the foregoing reasons, the court recommends denying plaintiff's motion to amend.  The court declines to address defendants' alternative argument concerning plaintiff's compliance with the California Tort Claims Act.

## OTHER MATTERS

Plaintiff also filed two requests for appointment of counsel.  Plaintiff contends that he needs counsel because he is not a lawyer and has limited ability to elicit necessary facts and articulate legal claims.  The court sympathizes with these challenges.  However, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v.

3

1   United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may

2   request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell

3   v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36

4   (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must

5   consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to

6   articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v.

7   Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to

8   appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.

9          Having considered the factors under Palmer, the court finds that plaintiff has failed to

10   meet his burden of demonstrating exceptional circumstances warranting the appointment of

11   counsel at this time.  Accordingly, the court denies plaintiff's motions for appointment of

12   counsel.[1]

13          Finally, defendants filed a request for an extension of time to file a motion for summary

14   judgment.  Good cause appearing, the court grants defendants' request and directs defendants to

15   file any motion for summary judgment within forty-five days of any order adopting the findings

16   and recommendations herein.

17                                        **CONCLUSION**

18          Accordingly, IT IS HEREBY ORDERED that:

19          1.  Plaintiff's motions for appointment of counsel (Doc. Nos. 41 & 47) are denied;

20          2.  Plaintiff's motion for a court order (Doc. No. 47) is denied;

---

[1] In one of his motions for appointment of counsel, plaintiff also requests a court order directing prison officials to relinquish his legal property.  As an initial matter, not long after plaintiff filed his motion, he filed a notice of change of address indicating that he recently moved from CSP-Sacramento to Salinas Valley State Prison where he is presently incarcerated.  In this regard, insofar as plaintiff's motion could be construed as a motion for preliminary injunctive relief, plaintiff is no longer subject to the alleged conditions he complained of at CSP-Sacramento, so any request for a court order providing immediate relief is now moot.  Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (citing Johnson v. Moore, 948 F.2d 517, 510 (9th Cir. 1991) (per curiam)).  In any case, at this time there are no motions pending before the court that require a response from plaintiff, so there is insufficient reason for this court to interfere with the day-to-day operations of plaintiff's prison.  Wright v. Rushen, 642 F.2d 1129, 1132 (9th Cir. 1981) (courts should "avoid enmeshing themselves in the minutiae of prison operations").  Accordingly, the court will deny plaintiff's motion for a court order.

1      3.  Defendants' motion for an extension of time to file a motion for summary judgment

2  (Doc. No. 46) is granted;

3      4.  Within forty-five days of an order adopting these findings and recommendations,

4  defendants shall file any motion for summary judgment; and

5      5.  Except as otherwise provided in this order, the court's discovery and scheduling order

6  remains in effect.

7      IT IS HEREBY RECOMMENDED that plaintiff's motion to amend his complaint (Doc.

8  No. 38) be denied.

9      These findings and recommendations are submitted to the United States District Judge

10  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

11  after being served with these findings and recommendations, any party may file written

12  objections with the court and serve a copy on all parties.  Such a document should be captioned

13  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

14  objections shall be filed and served within seven days after service of the objections.  The parties

15  are advised that failure to file objections within the specified time may waive the right to appeal

16  the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17  Dated:  February 26, 2016

18

19  KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

20

21  kilg1745.mta

22

23

24

25

26

27

28